CHARLES E. MOSER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7198.   Promulgated June 15, 1928.

*John G. Remey, Esq.,* and *R. S. McGlasson, C. P. A.,* for the petitioner.

*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner contends that the only error committed by the respondent is that in computing the earned income credit he used the amount of $5,000, whereas he should have used $5,946.06.

Section 209(a), subdivisions (1) and (3), of the Revenue Act of 1924, provide, in part, as follows:

Sec. 209. (a) For the purposes of this section—

(1) The term "earned income" means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, out does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income producing factors, a reasonable allowance as compensation for the personal services actually rendered by the taxpayer, not in excess of 20 per centum of his share of the net profits of such trade or business, shall be considered as earned income.

(3) The term "earned net income" means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $10,000.

So far as we know the petitioner was a taxpayer engaged in a trade or business in which both personal services and capital were material income-producing factors. In the case of a partnership, it may be truly said that the partners are themselves engaged in the business. *Leo Schwartz*, 7 B. T. A. 223. See also *S. U. Tilton, Estate*, 8 B. T. A. 914.

*Judgment will be entered for the respondent.*